```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

United States of America,

      Plaintiff,

  v.                              Case No. 2:08-cv-638

James H. Banks, et al.,

      Defendants.


<u>OPINION AND ORDER</u>

      This is an action filed by plaintiff United States of America against defendants James H. Banks and Nina M. Najjar, also known as Nina M. Najjar-Banks.  Plaintiff seeks judgment against the defendants, jointly and severally, for the unpaid balance of assessments of federal income taxes, penalties, and interest that were made against them for the tax years 2005-2008 in the total amount of $142,300.88, as of January 15, 2010, plus interest and statutory additions from that date until fully paid.  Plaintiff also seeks judgment against defendant James Banks for the unpaid balance of income tax assessments made against him for the years 1995 and 1998 through 2001; the unpaid balance of assessments against him for withheld income and Federal Insurance Contributions Act ("FICA") taxes, including the employer's portion of FICA (Form 941) taxes for the last quarter of each of the years 1995-2000; and the  unpaid balance of assessments of Federal Unemployment Tax Act ("FUTA") taxes (Form 940) against him for the years 1995-2000, in the total amount of $608,932.10, as of January 15, 2010, plus interest and statutory additions from that date until fully paid.

      This matter is before the court on the plaintiff's motion for summary judgment.  Under Fed. R. Civ. P. 56(c), summary judgment is

proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir. 1993); Osborn v. Ashland County Bd. of Alcohol, Drug Addiction and Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir. 1992)(per curiam).

Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id., 477 U.S. at 247-48. See generally Booker v. Brown & Williamson Tobacco Co., 879 F.2d 1304, 1310 (6th Cir. 1989).

The party that moves for summary judgment has the burden of showing that there are no genuine issues of material fact in the case at issue. LaPointe, 8 F.3d at 378. In response, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." Moore v. Philip Morris Cos., 8 F.3d 335, 339-40 (6th Cir. 1993).

In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Patton v. Bearden, 8

2

F.3d 343, 3346 (6th Cir. 1993)(quoting Anderson, 477 U.S. at 251-53).  The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); see Eastman Kodak Co. v. Image Technical Servs., Inc., 504 U.S. 451 (1992).  A district court considering a motion for summary judgment may not weigh evidence or make credibility determinations.  Adams v. Metiva, 31 F.3d 375, 378 (6th Cir. 1994).

Plaintiff seeks a judgment against the defendants for unpaid taxes.  In pursuing recovery based on an assessment, plaintiff "is awarded an initial presumption of correctness for its assessment, placing the burden of disproving such assessment on the taxpayer." United States v. Hammon, 277 Fed.Appx. 560, 563 (6th Cir. 2008)(citing United States v. Besase, 623 F.2d 463, 465 (6th Cir. 1980)).  The taxpayer usually has the burden of producing evidence to refute the validity of an assessment.  Besase, 623 F.2d at 465. In addition, the taxpayer has the burden of persuasion by a preponderance of the evidence that the assessment is not correct. Calderone v. United States, 799 F.2d 254, 258 (6th Cir. 1986); Sinder v. United States, 655 F.2d 729, 731 (6th Cir. 1981).

In support of its motion for summary judgment, plaintiff has submitted the declaration of Joan Flach, a revenue officer advisor with the Technical Services Unit of the Internal Revenue Service in Cincinnati, Ohio.  Motion, Ex. 2.  Plaintiff has also submitted a supplemental declaration by Flach as an attachment to its reply memorandum.  Flach states in her declaration that she has reviewed the records of the Internal Revenue Service as they relate to the defendants, and the statements in her declarations are based on her

3

review of those records.  Flach Decl., Para. 1; Falch Suppl. Decl., Para. 1.

Flach states in her declaration that delegates of the Secretary of the Treasury made assessments against defendants James Banks and Nina Najjar, jointly and severally, for unpaid federal income taxes, penalties, and interest, based on federal income tax returns that were filed by the defendants, for the years indicated, on the following dates and in the following amounts:

| Year | Date | Tax | Penalties | Interest |
|---|---|---|---|---|
| 2005 | 11/6/06 | $58,227.00 | $1,372.54 | $1,016.79 |
| 2006 | 11/5/07 | $26,498.00 | $2,179.33 | $1,208.79 |
| 2007 | 12/1/08 | $23,991.00 | $3,087.83 | $867.59 |
| 2008 | 11/16/09 | $32,870.00 | $2,153.80 | $783.62 |

Flach Decl., Para. 2.  After the application of all abatements, payments, credits, interest and other statutory additions, these assessments remain unpaid in the amount of $142,300.88, plus interest and statutory additions accruing from and after January 15, 2010.[1]  Flach Supp. Decl., Para. 4.  Specifically, Flach stated that after the application of all abatements, credits, and payments, defendants owe plaintiff, jointly and severally, for income taxes, penalties and interest in the amount of $36,178.93 for the year 2005, $39,190.41 for the year 2006, $30,371.17 for the year 2007, and $36,560.37 for the year 2008, plus interest and other statutory additions accruing from January 15, 2010.  Flach Supp. Decl., Paras. 5-8.

Flach further states in her declaration that delegates of the Secretary of the Treasury made assessments against James Banks

---

[1] Plaintiff initially contended that the unpaid assessments totaled $169,300.88.  However, this figure was arrived at due to a mathematical error by plaintiff's counsel.  Declaration of Joseph Murphy, Para. 3.  The figure was corrected to $142,300.88 in the reply memorandum.

individually, for unpaid federal income taxes, penalties, and interest, based on federal income tax returns filed by James Banks, for the years indicated, on the following dates and in the following amounts:

| Year | Date | Tax | Penalties | Interest |
|------|------|-----|-----------|----------|
| 1995 | 2/23/98 | $26,610.00 | $9,599.69 | $5,556.91 |
| 1998 | 3/6/00 | $21,525.00 | $4,902.50 | $1,716.37 |
| 1999 | 11/12/01 | $3,488.00 | $1,109.18 | $563.26 |
| 2000 | 11/12/01 | $3,788.00 | $566.04 | $170.51 |
| 2001 | 11/4/02 | $8,568.00 | $412.88 | $290.71 |
| 2001 | 5/9/05 | $11,521.00 | $1,842.12 | $3,105.62 |

Flach Decl., Para. 4. According to Flach's supplemental declaration, defendant James Banks is indebted to plaintiff for income taxes, penalties, and interest in the amount of $94,632.76 for the year 1995, $56,805.36 for the year 1998, $9,004.67 for the year 1999, $7,637.04 for the year 2000, and $26,899.00 for the year 2001. Flach Supp. Decl., Para. 9. After the application of all abatements, payments, credits, interest and other statutory additions, these assessments remain unpaid in the amount of $194,978.83, plus interest and statutory additions accruing from and after January 15, 2010. Flach Decl., Para. 5.

Flach also states in her declaration that delegates of the Secretary of the Treasury made assessments against James Banks individually for unpaid FICA and Form 941 taxes, plus penalties and interest, based on federal tax returns filed by James Banks, for the fourth quarter of the following years, on the following dates and in the following amounts:

| Year | Date | Tax | Penalties | Interest |
|------|------|-----|-----------|----------|
| 1995 | 2/23/98 | $9,836.30 | $2,213.17 | $2,422.36 |
| 1996 | 2/23/98 | $10,243.35 | $1,690.15 | $1,259.63 |

|      |          |            |           |          |
|------|----------|------------|-----------|----------|
| 1997 | 8/14/00  | $10,719.60 | $5,145.41 | $2,998.51 |
| 1998 | 4/17/00  | $11,550.60 | $107.20   | $1,631.51 |
| 1999 | 11/12/01 | $47,219.40 | $20,540.43| $9,277.01 |
| 2000 | 11/5/01  | $48,246.20 | $18,092.32| $3,594.09 |

Flach Decl., Para. 6. After the application of all abatements, payments, credits, interest and other statutory additions, these assessments remain unpaid in the amount of $408,966.89, plus interest and statutory additions accruing from and after January 15, 2010. Flach Decl., Para. 7.

Finally, Flach states in her declaration that delegates of the Secretary of the Treasury made assessments against James Banks individually for unpaid FUTA taxes, penalties, and interest, based on federal tax returns filed by James Banks, for the following years, on the following dates and in the following amounts:

| Year | Date     | Tax     | Penalties | Interest |
|------|----------|---------|-----------|----------|
| 1995 | 3/2/98   | $56.00  | $7.28     | $13.94   |
| 1996 | 3/2/98   | $66.80  | $4.68     | $8.37    |
| 1997 | 8/28/00  | $434.00 | $164.92   | $123.65  |
| 1998 | 3/6/00   | $434.00 | $30.38    | $47.75   |
| 1999 | 3/6/00   | $434.00 | $4.34     | $3.33    |
| 2000 | 11/12/01 | $434.00 | $119.35   | $33.09   |

Flach Decl., Para. 8. After the application of all abatements, payments, credits, interest and other statutory additions, these assessments remain unpaid in the amount of $4,986.38, plus interest and statutory additions accruing from and after January 15, 2010. Flach Decl., Para. 9.

In response, defendants have submitted the affidavit of defendant Najjar. She summarily states that the "amounts reflected by the Government are in dispute and do not accurately reflect our tax liability, nor our payments on said liability." Najjar Aff., Para. 3. However, this vague and general denial of the accuracy of the assessments is insufficient to meet the defendants' burden of

6

production.  United States v. Walton, 909 F.2d 915, 922 (6th Cir. 1990).

Defendant Najjar further states, "Our records reflect our 2001 tax liability was paid in full through final payment submitted in 2005." Najjar Aff., Para. 4.  However, plaintiff only seeks judgment against Najjar for the tax years 2005-2008, and therefore any payment of her 2001 tax liability is irrelevant.  As to James Banks, defendants have failed to provide any specific facts concerning how or when any payments in satisfaction of James Banks' 2001 tax liability were made, nor have defendants submitted any supporting evidence in the form of records, such as cancelled checks.  Najjar's conclusory statement does not create a genuine issue of material fact as to whether James Banks' tax liability for the tax year 2001 has been satisfied.  See Alexander v. Caresource, 576 F.3d 551, 560 (6th Cir. 2009)("Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment.").

Najjar further states that the defendants' records reflect that payments totaling $35,000 were made in 2005 and 2006 towards their 2005 tax liability.  Najjar Aff., Para. 4.  Plaintiff does not dispute that these payments were made.  In her supplemental declaration, Flach states that the Internal Revenue Service records she reviewed reflected four payments, each in the amount of $8,750.00, made by defendants on April 17, 2005, June 20, 2005, September 15, 2005, and January 27, 2006, for a total payment of $35,000.00 towards their 2005 tax liability.  Flach Suppl. Decl., Para. 5. However, Flach states that even taking those payments and all other abatements, credits and payments into account, the defendants still owe income taxes, penalties, and interest in the

7

amount of $36,178.93, plus interest and other statutory additions accruing from or after January 15, 2010, for the tax year 2005. Flach Suppl. Decl., Para. 5.

Najjar refers to the fact that in 2000, the Internal Revenue Service seized funds from her children's bank account in the amount of $1,054.30, and that this amount was never reflected in her tax liability. Najjar Aff., Para. 6.  However, plaintiff notes in response that it is only seeking a judgment against defendant Najjar for the tax years 2005-2008, and that any monies seized in 2000 would have been applied to tax liabilities arising prior to that date.  Therefore, this evidence is not relevant to the instant case.

Najjar has submitted a copy of a May 17, 2006, decision of the United States Tax Court entering judgment against her for the taxable year 1998 in the amounts of $56,039.00 and  $11,207.80. Najjar has also submitted evidence in the form of two checks dated April 2, 2002, which contain the notation that they were for Najjar's payment of federal tax liens.  Najjar Aff., Para. 11. Plaintiff responds that it is not seeking judgment against Najjar for the tax years 1998 and 2002.  Since plaintiff is not claiming that it is entitled to judgment for any tax years prior to 2005 against defendant Najjar, she has failed to show how this evidence is relevant to the instant case.

Najjar further states that she and James Banks filed amended tax returns for the years 1997 to 2001.  She summarily claims that plaintiff's documents do not reflect the information contained in those returns. Najjar Aff., Para. 8.  However, defendants have not submitted copies of the amended returns, nor have they produced any other evidence concerning the content of those returns.  Defendants

8

have failed to allege specifically how the information in the amended returns differed from the figures which plaintiff used in calculating their tax liability or to produce any evidence showing that plaintiff's calculations are inaccurate. The conclusory statements concerning the amended returns, unsupported by any specific facts or evidence, are insufficient to raise a genuine issue of material fact as to the amount of James Banks' tax liabilities for those years. This evidence is also irrelevant to the claims against Najjar, since plaintiff is not seeking judgment against her for the tax years 1997 to 2001.

    This court concludes that defendants have failed to show the existence of a genuine issue of material fact in this case, and that plaintiff is entitled to summary judgment. In accordance with the foregoing, plaintiff's motion for summary judgment (Doc. No. 20) is granted. The clerk shall enter judgment in favor of plaintiff and against defendants on plaintiff's claims.

Date: August 24, 2010                       s/James L. Graham
                                           James L. Graham
                                           United States District Judge